IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **AMR Resources, LLC dba Multiband Global** <br> c/o Corporation Service Company <br> 251 Little Falls Drive <br> Wilmington, DE 19808 <br><br> *Plaintiff*, <br><br> v. <br><br> **Ashford Leebcor Enterprises V, LLC** <br> 430 McLaws Circle <br> Williamsburg, VA 23185 <br><br> *Defendant*. | CASE NO. 4:24-cv-00068 <br> _____ |

# COMPLAINT

COMES NOW, plaintiff AMR Resources, LLC dba Multiband Global (the "Plaintiff") and files this Complaint against the captioned defendant, Ashford Leebcor Enterprises V, LLC (the "Defendant"). It states as follows:

## I.  Parties

1. Plaintiff is a Delaware limited liability company. It does not maintain a principal place of business in Virginia, nor are any of its managers or members citizens thereof.

2. On information and belief, Defendant is a Virginia limited liability company headquartered at 430 McLaws Circle; Williamsburg, Virginia 23185, and

1

is subject to service via its registered agent, Corporation Service Company, at 100 Shockoe Slip Fl. 2; Richmond, Virginia 23219.

3. On information and belief, all of Defendant's members and managers are citizens of Virginia; none are citizens of Delaware.

## II. Jurisdiction & Venue

4. The Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because: 1) complete diversity of citizenship exists between the parties, and 2) the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because Defendant is headquartered in Williamsburg, Virginia.

6. Defendant is subject to personal jurisdiction in Virginia because it is a Virginia limited liability company that transacts business and maintains its principal office in Williamsburg, Virginia.

## III. Factual Background

7. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

8. On information and belief, on April 27, 2022, the parties entered into a subcontract (the "Subcontract") regarding a certain "Vincent Hall Renovation" occurring at Fort Gordon, GA (the "Project").

9. On information and belief, Plaintiff was required to provide certain payment and performance bonds (collectively, the "Bond") as a condition of the Subcontract.

10. Plaintiff obtained the Bond from Trisura Insurance Company ("Trisura"), bond number TIC02843.

11. The Bond remains current, effective and outstanding.

12. With respect to the Project, Plaintiff ordered certain materials that were properly delivered to the relevant jobsite.

13. Thereafter, in the fourth quarter of 2023, Plaintiff ceased operations; another subcontractor assumed the responsibility for the Project.

14. Because Plaintiff's role as a subcontractor was transferred to another entity, Plaintiff has no ongoing liability for the Project.

15. The Plaintiff also did not engage in any activity (*e.g.*, building) that would leave the Plaintiff liable for any extended warranty or latency period that would necessitate the Bond's continuation.

16. Consequently, the Plaintiff has no potential liability on the Bond.

17. The Bond serves no purpose and should be released.

## Count I: Breach of Contract

18. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

19. On information and belief, Plaintiff and Defendant entered into the Subcontract, a contract, which required the issuance of the Bond.

20. On information and belief, as a party to the Subcontract, Plaintiff has the right to complaint about the Subcontract being broken.

21. On information and belief, Defendant had a legally enforceable obligation to release the Bond upon such a time as Plaintiff has no ongoing liability necessitating its continuation.

22. On information and belief, Plaintiff has performed all obligations necessary to secure the release of the bond and is entitled to a release of said Bond.

23. However, Defendant has refused to release the Bond in, on information and belief, breach of its obligations under the Subcontract or, alternatively, in breach of Defendant's obligations of good faith and fair dealing.

24. Plaintiff has suffered damages as a result of Defendant's breach and/or alternatively lack an adequate remedy at law.

25. Plaintiff is entitled to judgment against Defendant for damages and an order directing them to fully release the Bond in favor of Plaintiff.

**Count II: Declaratory Relief**

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. An actual controversy exists because Defendant has refused to release the Bond despite, on information and belief, its obligation to do so.

28. Plaintiff is entitled to a declaratory judgment, declaring that (i) all the obligations of Plaintiff and Trisura with respect to the Project and the Bond are fully performed (including but not limited to the provision of all necessary lien waivers), (ii) the Subcontract is hereby terminated, and (iii) the amounts securing the Bond shall be released to Plaintiff under the terms of the subcontract or, in the alternative, based on equitable principles.

### Count III: Unjust Enrichment

29. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

30. Plaintiff conferred a benefit on Defendant

31. Defendant knew of the conferring of the benefit.

32. Defendant accepted and/or retained the benefit under circumstances that render it inequitable for the defendant to retain the benefit without paying for its value.

[Remainder of Page Intentionally Left Blank]

## Prayer

WHEREFORE, Plaintiff AMR Resources, LLC demands judgment against Defendant as follows:

a. Declaring that all the obligations of Plaintiff and Trisura with respect to the Project and the Bond are fully performed (including but not limited to the provision of all necessary lien waivers);

b. Declaring that the Subcontract is hereby terminated;

c. Declaring that the amounts securing the Bond shall be released to Plaintiff.

d. Ordering the Defendant to release the Bond;

e. Awarding attorneys' fees and costs to Plaintiff;

f. Awarding damages to Plaintiff in an amount to be proven at trial;

g. Awarding Plaintiff pre-judgment and post-judgment interest; and

h. All such further relief as the Court deems just and appropriate.

April 29, 2024

*[signature]*
Kayleen Hansen, Esq., VSB No. 95810
THE LIPP LAW FIRM, PC
4000 Legato Road, Ste. 1100
Fairfax, VA 22033
Telephone: (703) 278-3142
Email: kayleen@lipplawfirm.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that a true copy was served via electronic mail on the following:

Ashford Leebcor Enterprises V, LLC
c/o Corporation Service Company
100 Shockoe Slip Fl 2
Richmond, Virginia 23219-4100

                                                Kayleen Hansen, Esq.